Case 1:19-cv-00037-MLB   Document 3   Filed 01/02/19   Page 1 of 13

State Court of Fulton County
**E-FILED**
18EV003863
10/31/2018 4:46 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DELICIA CORDON, ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action File No. |
| v. ) | |
| ) | 18 EV 003863 |
| LESHAWN KAMEL MCCOY, ) | |
| TAMARCUS JEROD PORTER and ) | |
| LKM TRUST, ) | |
| ) | |
| Defendants ) | |

**ANSWER AND DEFENSES OF DEFENDANT LESEAN McCOY**

COMES NOW, LeSean McCoy, a defendant in the above-captioned case ("Defendant McCoy"), and hereby answers the Amended and Recast Complaint of Plaintiff, Delicia Cordon as follows:

FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Any injuries suffered by Plaintiff were proximately caused by actions or omissions of persons and entities other than Defendant McCoy.

THIRD DEFENSE

Plaintiff has failed to mitigate her damages and is not entitled any damages from Defendant McCoy.

FOURTH DEFENSE

At the time of the alleged injuries occurred, Plaintiff was on the premises located at 392 Hickory Pass, Milton, Georgia, without permission or an invitation.

1

## FIFTH DEFENSE

Defendant McCoy reserves the right to plead such other defenses as may become known to him during the course of his investigation and discovery.

## ANSWER

Defendant McCoy responds to the numbered paragraphs of Plaintiff's Amended and Recast Complaint as follows:

1.

Defendant McCoy acknowledges that this is a civil action seeking money damages, but denies that he is a joint tortfeasor who caused any injuries to the Plaintiff.

2.

Admitted.

3.

Defendant McCoy denies that he is a "joint torfeasor who committed various intentiontal torts as well as negligent actors and/or omissions." The remaining contents of this paragraph are admitted, including the statements concerning service of the Summons

4.

Defendant McCoy denies that he is a joint tortfeasor with anybody and denies committing any intentional torts or negligent acts. The remaining contents of this paragraph are admitted.

5.

Admitted.

6.

No response is required by this paragraph and there it stands denied.

7.

Defendant McCoy acknowledges being in a relationship with the Plaintiff for a period of time.  The remaining contents of this paragraph reflect the Plaintiff's mental state about which Defendant McCoy has no opinion and therefore, the remaining contents of the paragraph stand denied.

8.

Admitted.

9.

Admitted.

10.

Defendant McCoy admits having given gifts, including jewelry, to Plaintiff periodically, but denies the remaining contents of this paragraph.

11.

Defendant McCoy denies promising to buy Plaintiff a home.  Defendant admits that Plaintiff and Defendant discussed living together, but is without sufficient information to form a belief whether Plaintiff began looking for a home during the 2016 NFL season.

12.

The home was purchased by Defendant McCoy and was titled in the name of LKM Trust.  The remaining allegations are denied.

13.

Defendant McCoy incorporates his Affirmative Defenses and responses to ¶¶ 1 – 12 set forth hereinabove as if fully stated herein.

14.

Denied.

15.

Plaintiff did bring some furniture to the house. Defendant McCoy denies the remaining allegations of this paragraph.

16.

Denied.

17.

Denied.

18.

Denied.

19.

Denied.

20.

Denied.

21.

Defendant McCoy acknowledges purchasing jewelry for Plaintiff. Plaintiff's feelings are a subject about which Defendant McCoy has no opinion or knowledge and therefore, those allegations stand denied. Defendant McCoy admits that Plaintiff and Defendant attended the NFL Honors event and that Defendant rented diamond hoop earrings for Plaintiff. McCoy denies promising to purchase the earrings for her.

22.

Denied.

23.

Defendant McCoy acknowledges that during 2017, Plaintiff and Defendant lived together during the 2017 off season.  Defendant McCoy admits that Plaintiff and Defendant "broke up" at various times, but denies any serious discussion about an engagement.

24.

Admitted.

25.

Admitted.

26.

Defendant McCoy has no information regarding what Plaintiff "saw" on her cell phone video, and was not present at the location to view what other people were doing there, and so can neither admit nor deny these allegations.  Defendant denies that he did not ask Plaintiff to leave the residence in 2018.

27.

Defendant McCoy has no knowledge what Plaintiff saw as he was not present in Atlanta on June 1, 2018 and so can neither admit nor deny of the allegations in this paragraph.

28.

Denied.

29.

Defendant McCoy admits that a conference call with the police occurred and that Porter had permission to be at the home.  Whether Plaintiff was "uncomfortable" is unknown to

Defendant McCoy and is therefore denied. Defendant McCoy denies that Porter "entered the Residence without warning." Defendant McCoy admits that he gave Porter permission to enter the Residence.

30.

Defendant McCoy has insufficient information about what Porter did and therefore denies the allegations in this paragraph. Defendant McCoy denies he had Porter remove cameras from the home to make anyone "feel unsafe" at the residence.

31.

Denied.

32.

Admitted.

33.

Defendant McCoy has insufficient information to admit or deny the allegations in this paragraph and therefore denies the allegations.

34.

Defendant McCoy has insufficient information to admit or deny the allegations in this paragraph and therefore denies the allegations.

35.

Defendant McCoy has insufficient information to admit or deny the allegations in this paragraph and therefore denies the allegations, but admits that a court appearance was scheduled on July 10, 2018.

36.

Defendant McCoy has insufficient information to admit or deny the allegations in this paragraph and therefore denies the allegations. Defendant McCoy, at this time, is unaware of any insurance on the jewelry and has informed Plaintiff's counsel of this fact and asked Plaintiff's counsel the basis for the claim that the jewelry is insured, but has received no response.

37.

Defendant McCoy denies that Plaintiff's legal analysis and conclusory statements are correct and is without sufficient information to form a belief as to the truth of the remaining contents of this paragraph.

38.

Defendant McCoy denies the allegation that he is the cause of any injury to Plaintiff or that he conspired with any intruder and is without knowledge sufficient to admit or deny the remainder of this paragraph.

39.

Denied. Defendant McCoy has no knowledge of whether, or why, Plaintiff has missed professional opportunities, and is without knowledge sufficient to admit or deny the remainder of this paragraph. Defendant McCoy denies orchestrating an attack on Plaintiff, either himself, or through his personal assistant.

40.

Porter did work as Defendant McCoy's personal assistant, but any implication that is intended by this allegation that Defendant is a joint tortfeasor or is responsible or liable for any injury suffered by Plaintiff is denied.

41.

Sentence one of this paragraph is denied. The remaining portion of this paragraph which relates to the Georgia law requires no response from Defendant McCoy. The Code speaks for itself.

42.

Denied.

43.

Defendant McCoy incorporates his prior responses in paragraphs 1 – 42, as well as Affirmative Defenses, as if fully set forth herein.

44.

Denied.

45.

Denied.

46.

Denied.

47.

Denied.

48.

Denied.

49.

Defendant McCoy incorporates his prior responses in paragraphs 1 – 48, as well as Affirmative Defenses, as if fully set forth herein.

50.

Denied.

51.

Denied.

52.

Denied.

53.

Denied.

54.

Defendant McCoy incorporates his prior responses in paragraphs 1 – 43, as well as Affirmative Defenses, as if fully set forth herein.

55.

Denied.

56.

Denied.

57.

Denied.

58.

Defendant McCoy incorporates his prior responses in paragraphs 1 – 47, as well as Affirmative Defenses, as if fully set forth herein.

59.

Denied.

60.

Denied.

61.

Denied.

62.

Denied.

63.

Denied.

64.

Denied.

65.

Denied.

66.

Denied.

67.

Denied.

68.

Defendant McCoy incorporates his prior responses in paragraphs 1 – 67, as well as Affirmative Defenses, as if fully set forth herein.

69.

Denied.

70.

Denied.

71.

Denied.

72.

Denied.

73.

Defendant McCoy incorporates his prior responses in paragraphs 1 – 72, as well as Affirmative Defenses, as if fully set forth herein.

74.

Denied.

75.

Denied.

76.

Defendant McCoy incorporates his prior responses in paragraphs 1 – 75, as well as Affirmative Defenses, as if fully set forth herein.

77.

Denied.

78.

Denied.

79.

Plaintiff's assertion of the right to amend her complaint requires no response from Defendant McCoy, although he notes that any amendment must comport with the provisions of OCGA § 9-11-15.

80.

Defendant McCoy denies each and every allegation in the Amended Complaint not herein admitted, controverted, or specifically denied.

WHEREFORE, having fully responded to Plaintiff's Amended Complaint and asserted his Affirmative Defenses, Defendant LeSean McCoy prays:

a) That this Complaint be dismissed with prejudice as to Defendant LeSean McCoy;

b) That Plaintiff recover nothing from Defendant LeSean McCoy;

c) That Defendant LeSean McCoy be granted a trial by a twelve person jury;

d) That all costs be borne by Plaintiff; and

e) For such other and further relief as the Court may deem proper.

Respectfully submitted, this 31st day of October, 2018.

*s/ Donald F. Samuel*
Donald F. Samuel

*/s/ Robin N. Loeb*
Robin N. Loeb

*/s/ Amanda Clark Palmer*
Amanda Clark Palmer

*Attorneys for Defendant LeSean McCoy*

## **CERTIFICATE OF SERVICE**

I certify that I have this date served a copy of the DEFENDANT MCCOY'S AFFIRMATIVE DEFENSES AND ANSER TO FIRST AMENDED AND RECAST COMPLAINT upon the following counsel, by filing it with Odyssey E-file Georgia, which will deliver electronic notification of same to the following:

>Tanya Mitchell Graham, Esq.
>3212 Northlake Parkway, N.E.
>Box 450929
>Atlanta, GA 31145
>
>*Counsel for Plaintiff*

This 31st day of October, 2018.

>*/s/ Donald F. Samuel*
>Donald F. Samuel
>
>*/s/ Robin N. Loeb*
>Robin N. Loeb
>
>*/s/ Amanda Clark Palmer*
>Amanda Clark Palmer