Case 1:19-cv-00037-MLB   Document 4   Filed 01/02/19   Page 1 of 12

State Court of Fulton County
**E-FILED**
18EV003863
10/31/2018 4:55 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DELICIA CORDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIVIL ACTION FILE NO: 18 EV003863 |
| v. | ) |
| | ) |
| LESHAWN KAMEL MCCOY, | ) |
| TAMARCUS JEROD PORTER, & | ) |
| LKM TRUST, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT MCCOY'S MOTION TO DISMISS
AND MEMORANDUM OF AUTHORITIES IN SUPPORT THEREOF**

COMES NOW, Defendant LeSean McCoy,[1] who moves this Court pursuant to O.C.G.A. 9-11-12(b)(6) to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted and shows the Court as follows:

**I.**

**STATEMENT OF FACTS**

Plaintiff filed the instant lawsuit on August 10, 2018. That Complaint alleged that Plaintiff was injured on July 10, 2018 when an armed assailant entered the residence located at 392 Hickory Pass, Milton, Georgia, 30004 and attacked her by striking her in the face with a gun. The assailant cut a bracelet off of Plaintiff's wrist and stole other – unspecified – items of jewelry.

After Defendant McCoy filed a Motion to Dismiss that Complaint on September 13, 2018, Plaintiff filed an Amended and Recast Complaint (hereinafter "Amended Complaint") on

---

[1] Mr. McCoy's first name is "LeSean." It is incorrectly spelled in the caption of the case filed by Plaintiff.

1

October 2, 2018. The deficiencies that were manifest in the original Complaint remain. Though the Amended Complaint is longer and alleges additional counts, it still fails to state claims upon which relief can be granted and, for that reason, Defendant McCoy once again moves to dismiss the Amended Complaint.

The Amended Complaint leads off, in Paragraph One, with the allegation that Plaintiff suffered multiple damages due to the "torts committed by Defendant LESHAWN KAMEL MCCOY, Defendant TAMARCUS JEROD PORTER, or both of said Defendants, and LKM TRUST." Plaintiff does not allege there, or anywhere, that Mr. McCoy or Mr. Porter was the assailant who attacked her on July 10, 2018. Nor does the complaint allege that either Mr. Porter or Mr. McCoy encouraged the assailant to attack her; or that either Mr. Porter or Mr. McCoy *knew* who the assailant was; or that Mr. Porter or Mr. McCoy knowingly facilitated the assailant in any way. There is no alleged link between the assailant and either Mr. McCoy or Mr. Porter. The Amended Complaint, stripped of its irrelevant and immaterial allegations, amounts to nothing more than this: Mr. Porter changed the surveillance system at the house and thereafter it was not accessible to Plaintiff; Mr. Porter works for Mr. McCoy; the fact that the surveillance system was not accessible to Plaintiff *caused* criminals to assault her and she thereby suffered damages for which Mr. McCoy should be held liable. The Amended Complaint is ridiculous and must be dismissed.

The residence located at 392 Hickory Pass, Milton, Georgia, 30004 is titled in the name of Defendant LKM Trust. See Amended Complaint, ¶ 5. Defendant LeSean McCoy is the Trustee of LKM Trust. See Amended Complaint, ¶ 5.

Plaintiff and Defendant LeSean McCoy were previously in a romantic relationship. Amended Complaint ¶7. The relationship deteriorated to the point where an eviction action was

filed against Plaintiff on June 6, 2018. Amended Complaint ¶ 32. The eviction was still pending on the date of Plaintiff's alleged injuries. Amended Complaint ¶ 33 – 35.

The Amended Complaint makes many serious allegations against Mr. McCoy. Plaintiff, wrongfully, portrays Mr. McCoy as an animal abuser (¶ 18) and an enraged father who physically abuses his son (¶ 19 – 20). These allegations are not only false, but untethered in any way to Plaintiff's claims in her Amended Complaint. Indeed, there is a frightening ratio of irrelevant, scurrilous and inflammatory allegations compared to the allegations that supposedly support the causes of action.

The Amended Complaint alleges five bases for liability against Mr. McCoy:[2] premises liability (by denying Plaintiff access to arm the security system), assault and battery, theft, negligence, and intentional infliction of emotional distress. These claims are based on the injuries Plaintiff allegedly received at the hands of an unknown assailant on July 10, 2018; they have absolutely nothing to do with any behavior LeSean McCoy allegedly exhibited in the past. The only reason Plaintiff included the salacious allegations is to impugn Mr. McCoy's character – with the court and in the press.

## II.

## ARGUMENT AND CITATION OF AUTHORITY

This Court should dismiss Plaintiff's Amended Complaint because it fails to state a claim upon which relief can be granted. A complaint should be dismissed for failure to state a claim if its allegations, when viewed in the light most favorable to the plaintiff, "disclose with certainty that no set of facts consistent with the allegations could be proved that would entitle the plaintiff to the relief he seeks." *Synovus Bank, d/b/a Bank of North Georgia, et al. v. Griner*, 321 Ga.

---

[2] Count VI is for punitive damages and Count VII is for attorney's fees.

3

App. 359, 360 (2013) (quoting *Benedict v. State Farm Bank, FSV*, 309 Ga. App. 133, 134 (2011)).  "Put another way, if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient."  Id. *See also Renton v. Watson*, 319 Ga. App. 896, 897 (2013).

Plaintiff's allegations are insufficient as a matter of law, they disclose with certainty that the Plaintiff is not entitled to relief under any state of provable facts and Plaintiff could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

### A.  Premises Liability (Count II, ¶¶ 49 – 53)

While Plaintiff's Amended Complaint makes allegations pertaining to her being injured while residing at McCoy's home, the Amended Complaint fails to state a claim for premises liability under Georgia law. O.C.G.A. § 51-3-1 states as follows: "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."  Plaintiff's Amended Complaint does not satisfy the elements of this tort for a number of reasons.

First, Plaintiff was a trespasser, and had repeatedly been told to leave the premises. Indeed, an eviction action was pending against her on the date she was injured. Amended Complaint ¶ 32.  As a trespasser, she had no right to be on the premises and Defendant LeSean McCoy did not owe her a duty to exercise ordinary care. O.C.G.A. § 51-3-1. See also, O.C.G.A. § 51-3-3(b), "A lawful possessor of land owes no duty of care to a trespasser except to refrain from causing a willful or wanton injury."

Plaintiff claims in the Amended Complaint that she was a "licensee" permitted on the premises for her own interest, and acknowledges that with status, she needs to prove that the LKN Trust acted willfully and wantonly to cause her injuries via conduct by McCoy and Porter. Amended Complaint ¶¶ 41, 42.  Yet there are no allegations that support such a claim.

Second, the property owner is not an insurer of an invitee's safety. *See Rentz v. Prince of Albany, Inc.*, 340 Ga. App. 388, 389 (2017). To be liable, a plaintiff must show the property owner failed to exercise ordinary care. In order to recover on a premises liability claim, a plaintiff must show "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Camelot Club Condominium Association, Inc. v. Afari-Opoku*, 340 Ga. App. 618, 620 (2017) *citing to Robinson v. Kroger Co.,* 268 Ga. 735, 748-49(2)(b) (1997). A landlord is only liable for criminal acts by a third party where the criminal act was "reasonably foreseeable." *Id.* "Reasonably foreseeable" means the criminal act is substantially similar in type to the previous criminal activities occurring on or near the premises so that a reasonable person would take ordinary precautions to protect his or her customers against the risk posed by that type of activity. *Id.*

But the Amended Complaint is devoid of any allegations that McCoy did *anything* wrong, or that anything he did contributed in any way whatsoever to the damages suffered by Plaintiff from the criminal actions of an unrelated third party.  The allegations are devoid of a claim that the home invasion on July 10, 2018 was substantially similar to previous criminal activity. In fact, the Amended Complaint doesn't allege that there was <u>any</u> previous criminal activity at the residence. There is no contention that there was a known dangerous defect at the property, that there was a history of violent crime at the property, or any other factor that would

put McCoy on notice that a person properly on his property needed to have any extra protection. For this reason, the owner of the property may not be held liable for injuries occurring as a result of unforeseeable criminal conduct of others. *Van v. Kong*, 344 Ga. App. 754 (2018).

Plaintiff's claims are based on the sole fact that Mr. Porter allegedly denied Plaintiff access to the security system and cameras at the residence, claiming this left her "defenseless" at the residence. Amended Complaint ¶ 30 - 31. And because Mr. Porter works for Mr. McCoy, he should be held liable for the conduct of the criminal who assaulted Plaintiff. A landlord does not owe a duty to a tenant (assuming for the sake of argument that Plaintiff was on the premises with permission or an invitation) to provide a security system or security cameras. And Plaintiff does not allege that the attack would not have occurred had she been able to arm the security system. Indeed, the Amended Complaint does not even allege that a criminal assault by an unknown assailant was reasonably foreseeable to McCoy or that the absence of a surveillance system accessible to Plaintiff was the proximate cause, or even a contributing cause of the assault.

The argument that the absence of a security system that was accessible to Plaintiff was the cause of her damage is absurd and cannot form the basis of a valid premises liability claim. These allegations in the Amended Complaint fail to state a claim upon which relief can be granted for a premises liability cause of action. Moreover, even if Plaintiff was a licensee, as she now claims (¶ 41), a licensee is only entitled to recover from the owner of premises willful or wanton conduct resulting in injury. Thus, a claim of ordinary negligence, which she also alleges, is subject to dismissal. O.C.G.A. § 51-3-2(a) and § 51-3-2(b).

### B. Assault and Battery (Count I; ¶¶ 43 – 48)

Plaintiff alleges that the "Defendants" are liable for assault and battery (Amended Complaint ¶ 43 - 48) yet does not allege that either Mr. McCoy or Mr. Porter attacked her on the

6

night of July 10, 2018. Rather she alleges that she was attacked by an unknown "assailant." The fact that Plaintiff alleges that the attacker "indicated that he knew McCoy" is not a sufficient factual basis to support a claim for assault and battery against the Defendant. The allegation that (based only on "information and belief" but not on any facts whatsoever that are revealed in the Amended Complaint) that McCoy, through Porter, arranged for the assailant to come into the house to retrieve the jewelry (Amended Complaint, ¶ 44) does not even allege anything about arranging for an assault and battery.

A person commits assault when he attempts to commit a violent injury to another person or commits an act which places another in reasonable apprehension of immediately receiving a violent injury. O.C.G.A. § 16-5-20. A person commits battery when he intentionally causes substantial physical harm or visible bodily harm to another. O.C.G.A. § 16-5-23.1. Nowhere in Plaintiff's Amended Complaint does she come close to alleging that Mr. McCoy was the one who injured her, or that he participated in the assault and battery as an "aider and abettor" or that there is any other basis upon which the assailant's intentional tort – his criminal conduct – can be attributed to Mr. McCoy, either "through" Porter or directly through some unexplained theory of vicarious liability. As such, her claim for assault and battery should be dismissed.

Instead, what Plaintiff alleges is that McCoy should be held liable and responsible for the intentional and negligent acts and omissions of his employees, agents, servants, workers, and representatives, such as Porter. Yet, that is legally incorrect. An employer is not responsible for criminal acts committed by his employee. There is no concept of *respondeat superior* for criminal acts. And any negligent acts of McCoy's employees were not the proximate cause of any injuries to the Plaintiff, because, as explained above, simply removing a surveillance system from the house, or making it inaccessible to the Plaintiff, was not the proximate cause of the

home invasion and was not the proximate cause of any injuries suffered by the Plaintiff by the alleged criminal acts of others.

### C. Intentional Infliction of Emotional Distress (Count V; ¶¶ 68 – 72)

Plaintiff cannot establish that she is entitled to recover against Defendant McCoy for any alleged intentional infliction of emotional distress. To establish a claim for intentional infliction of emotional distress, a plaintiff must show all four of the following elements: (1) the defendant's conduct must be intentional or reckless; (2) the defendant's conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress suffered by the plaintiff must be severe. *United Parcel Service v. Moore*, 238 Ga. App. 376 (1999). Liability for intentional infliction of emotional distress "has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yarborough v. SAS Systems, Inc.*, 204 Ga. App. 428, 429 (1992). "The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." *Bridges v. Winn-Dixie Atlanta, Inc.*, 176 Ga. App. 227, 230 (1985).

"[I]t has not been enough that the Defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation that would entitle the Plaintiff to punitive damages for another tort." *Northside Hospital, Inc. v. Ruotanen*, 246 Ga. App. 433, 435 (2000). The burden which Plaintiff must meet in order to prevail on an action for intentional infliction of emotional distress is a stringent one. *Bridges v. Winn-Dixie Atlanta, Inc.*, 176 Ga. App. 227 (1985).

"The issue of whether the allegations rise to the requisite level of outrageousness is a question of law for the trial court." *Biven Software, Inc. v. Newman*, 222 Ga. App. 112, 114 (1996).

Here, the Amended Complaint does not allege any facts showing that Defendant McCoy's conduct was intentional or reckless or extreme or outrageous. It does not even describe what the emotional distress is, other than to make conclusory statements like she "has no peace." Amended Complaint, ¶ 39. And, most importantly, and as stated above, the Amended Complaint does not allege that Defendant McCoy was the assailant who caused Plaintiff's injuries or had any connection to the assailant who caused Plaintiff's injuries. Plaintiff's claim for intentional infliction of emotional distress must be dismissed.

### D. Negligence (Count IV; ¶¶ 58 – 67)

The negligence count of the Amended Complaint simply restates the premises liability claims, alleging that the removal of the surveillance system at the house or making the system inaccessible to the Plaintiff was negligent. But this is legally untenable. As a matter of law, a house without a surveillance system is not "unsafe" or rendered dangerous. It is not negligent behavior for a homeowner not to have a surveillance system. It is not negligent for a homeowner not to have a surveillance system for a guest, an invitee, a licensee or a trespasser. It is simply not negligent. Millions of homes in America do not have surveillance systems. If the Plaintiff is correct, then each of these homes are *per se* unsafe and any occupant of such a house can sue the owner for such negligence. That is a preposterous suggestion that warrants dismissing not only the premises liability, but also the negligence counts of this Amended Complaint.

### E. Theft Claims (Count III; ¶¶ 54 – 57)

In Count III, Plaintiff claims that the jewelry that was stolen by the home invaders was caused by the negligence of McCoy and Porter in removing the security system. Paragraph 56

expressly states that the loss of the jewelry was the "direct and proximate result of Defendant McCoy's and Defendant LKM Trust's failure to make the Residence secure, which is a duty Defendant owned (*sic*) to Plaintiff as a licensee."  Again, this is subject to dismissal for the same reason the premises liability and negligence claims are meritless.  The removal of the surveillance system did not *cause* the criminal conduct and the criminal conduct was not a reasonably foreseeable result of removing the surveillance system.  A homeowner does not, as a matter of law, have the duty to install a surveillance system – especially absent any evidence of any prior criminal conduct.  And, too, as noted above, a homeowner only owes a duty to avoid willful and wanton injury to a licensee.  OCGA § 51-3-2.   The criminal conduct of the intruders was not foreseeable to McCoy and the removal of the surveillance system, therefore, was not negligence – and certainly not willful and wanton, and cannot support the theft Count of the Amended Complaint as alleged.

### III.

### CONCLUSION

Plaintiff's Amended Complaint contains salacious allegations that ultimately have nothing to do with Plaintiff's claims against LeSean McCoy. Plaintiff spends many paragraphs dragging Mr. McCoy through the mud, alleging that he abuses his dog and beats his son, yet, fails to allege that he is in any way responsible for the criminal acts of an unknown third party. For the reasons stated above, this Court should dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted this 31st day of October, 2018.

>*/s/ Donald F. Samuel*
> Donald F. Samuel
>
> */s/ Robin N. Loeb*
> Robin N. Loeb
>
> */s/ Amanda Clark Palmer*
> Amanda Clark Palmer
>
> *Attorneys for Defendant LeSean McCoy*

## CERTIFICATE OF SERVICE

I certify that I have this date served a copy of **DEFENDANT MCCOY'S MOTION TO DISMISS AND MEMORANDUM OF AUTHORITIES IN SUPPORT** upon the following counsel, by filing it with Odyssey E-file Georgia, which will deliver electronic notification of same to the following:

>Tanya Mitchell Graham, Esq.
>3212 Northlake Parkway NE
>Box 450929
>Atlanta, GA  31145

>*Counsel for Defendant*

This 31st day of October, 2018.

>*/s/ Donald F. Samuel*
>Donald F. Samuel

>*/s/ Robin N. Loeb*
>Robin N. Loeb

>*/s/ Amanda Clark Palmer*
>Amanda Clark Palmer

>*Attorneys for Defendant LeSean McCoy*